UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

VANESSA CHIU

CASE NO:   21-21661-RAM

Debtor(s),

Chapter 13

_____/

Motion for Reconsideration of Orders (ECF#31 and 61) By
Creditor, South Broward Hospital District

Creditor, South Broward Hospital District d/b/a, Memorial Healthcare System, by undersigned counsel, requests that the Court reconsider, pursuant to Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil procedure, the (1) Order Granting Motion for Contempt and Sanctions, dated March 9, 2022 (ECF#31); and (2) Order Granting In Part and Denying In Part Motion for Contempt and Compensatory and Punitive Sanctions for Non-Compliance with Court Order against Memorial Healthcare System, dated MARCH 19, 2022 (ECF#61)(hereinafter collective ECF# 31 and 61 are referred to as the "Orders").  As grounds for this Motion, MHS states as follows:

Factual Course of Proceeding

1.  The Debtor filed her Chapter 13 Petition on or about December 13, 2021.  She does list Memorial Healthcare System as a debtor in her schedules with a mailing address of 2900 Corporate Way, Miramar, Fl.  (ECF# 1, pg.30).

2.  The Debtor, then shows that a billing statement was delivered to her on or about December 28, 2021.  (ECF# 24-2, pg1.)

1

3. The Debtor then states that her attorney sent a correspondence on or about January 21, 2022 concerning the alleged violation of the stay. (ECF#24-3, pg 1-2) The address on such notice is shown as the 2900 Corporate Way, Miramar, Fl..

4. However, when one reviews the US Post Office receipt for this correspondence, it shows the delivery of this correspondence to be in Hollywood, Fl. (ECF# 24-4, pg. 1)

5. The debtor also, provided evidence that there was another billing statement that was placed in her online medical records account on or about January 31, 2022 by Creditor, MHS. (ECF# 24-5 pgs. 1-3)

6. The Debtor's counsel, on February 17, 2022, filed an initial Motion for Contempt and Sanctions for Violation of the Automatic Stay. (ECF#24 ) The Motion according to the Docket is 15 pages long and contains Exhibits A through E. None of the Exhibits constitute any contemporaneous time records and the motion does not state what hourly rate is being sought.

7. The accompanying Certificate of Service for the Motion, again shows the 2900 Corporate Way, Miramar, Fl. but now has a person designated as Peter Power, CEO. (ECF# 26)

8. This Court on March 9, 2022, entered its Order granting Contempt and Sanctions Relief against MHS. (ECF# 31) The Order provided for MHS to pay the amounts of $2,714.15 in attorney's fees and $36.65 in costs to be paid within 21 days of the date of the Order.

9. Again the Certificate of Service for the Order shows a mailing address for 2900 Corporate Way, Miramar, Fl. (ECF#34)

10. On March 11, 2022, Debtor's counsel submitted an Application for Final Compensation in this case in the total amount of $7,630.00 at a rate of $425[1] per hour, and

---

[1] Of the 26 hours, 4.6 are at a rate of $125 per hour for a total of $575. Therefore, of the remaining $7,055 (7,630-$575) of fees and remaining hours 21.4 (26-4.6) the effective hourly rate is $329.67.

2

contemporaneous time records for 26 hours.

11.  Not having been responded to by MHS, The Debtor's counsel then filed another Motion Contempt and Sanctions on April 12, 2022.  (ECF#48). The USPO receipt of this Motion again indicates Hollywood. Fl. (ECF#48-1, pg. 1)

12.  Again, the Debtor's counsel filed a Certificate of Service for this second Motion, showing the 2900 Corporate Way, Miramar, Fl. address. (ECF#50)

13.  A notice of hearing for this Second Motion was finally received by the undersigned counsel and he filed a notice of appearance for MHS on May 16, 2022. (ECF#60)

14.  The name Memorial Healthcare System is a fictitious name used by Creditor, South Broward Hospital District.  It is requested that the Court note that as a public record the attached Exhibit "A" is entitled to judicial notice, MHS has filed a fictitious name notice which shows the mailing address as c/o Legal Department 3111 Stirling Rd, Hollywood, Fl. 33312. Attached hereto as Exhibit A is a copy of such Secretary of State of Florida public record.

15.  As to the recent hearing on this matter held on May 17, 2022, as the court noted the undersigned counsel was in attendance, during the portion of the hearing that was conducted by the Chapter 13 Trustee. When the case was called by the trustee, it was indicated that this matter was going to be referred to the Judge to decide.  Undersigned counsel was unaware that the matter would be heard by the Court as the end of the docket call by the Chapter 13, Trustee.  Undersigned Counsel had mistakenly assumed that since the matter would be subject to contest, that the matter would be reset at another time.  He left the zoom meeting unaware that the court at the end of the docket would then be hearing the matter.

16.  This Court did enter its Order on the Second Motion on May 19, 2022, again

3

awarding monetary relief against MHS in the total amount of $4673.15[2] for attorney's fees.

17. MHS is a sovereign governmental entity. It is an independent special hospital district and political subdivision of the State of Florida. It has been recognized in the State courts of Florida as a sovereign entitled to sovereign immunity. *Lee v. South Broward Hosp. Dist.*, 473 So. 2d 1322 (Fla 4th DCA, 1985). This court can take judicial notice of such matter, by recognizing Memorial's duly adopted Charter which is statutorily adopted by the Florida Legislature as Chapter 2004-397, Laws of Florida. This court also can take judicial notice of decisional law of the State of Florida. As a special district it has been granted the constitutional, governmental rights to tax, pursuant to Fla. Const. Art. VII, § 9, Local Taxes, and to issue debt pledging such tax revenues as a source of repayment, pursuant to Fla. Const. Art. VII, § 12, Local Bonds.

18. MHS has not filed proof of claim in this proceeding.

## MEMORANDUM OF LAW

### Standard of Review

19. Under Bankruptcy Rule 9024, the provisions of Rule 60 of the Federal Rules of Civil procedure are incorporated. The provisions of Rule 60 have a subpart (a) and (b) for providing relief. Subsection (a) provides for correction of judgments based on clerical mistakes, oversights and omissions. Subsection (b) of the rule provides six reasons to provide for relief. It is recognized that a court may grant a motion for reconsideration if reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See, *Beaudouin v. Vill. Cap. & Inv. LLC*, 613 B.R. 514, 518 (E.D. Pa. 2020)

---

2. The Debtor's counsel for the entire Chapter 13 case was awarded $7,250 in fees. So for two essentially unopposed motions, the Debtor's counsel is being paid for an amount of attorney time which is 64% of the entire time and effort he spent on the whole case.

4

20. As the argument below will expand upon, MHS is arguing that this Court never acquired subject matter jurisdiction over MHS since it is entitled to the benefits and protections of sovereign immunity. It is well recognized law that a federal court does not obtain jurisdiction by waiver, consent, estoppel or failure to challenge jurisdiction early on in a case. See, *Alabama Dep't of Hum. Res. v. Lewis*, 279 B.R. 308, 313 (S.D. Ala. 2002)(citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982)  Rule 60(b)(4) is recognized as an appropriate vehicle to attack the jurisdictional basis for a judgment. *Id* at 312.

### Section 106 Bankruptcy Code

21. As a governmental sovereign, MHS is entitled to the protections and application of the provisions of the 11th Amendment to the U.S. Constitution. Issues concerning sovereign immunity and the Bankruptcy Code has been legislated pursuant to Section 106 of the Bankruptcy Code, which in relevant part provides as follows:

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
> (1) Sections 105, 106, . . ., 362, . . . .1301, 1303, 1305, and 1327 of this title.
> (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
> (3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

11 U.S.C.A. § 106 (West)

22. While this section of the Code has been in place for several decades, it has not been

in place without some serious questions as to whether it is constitutional and as to its application. The Third Circuit Court of Appeal has ruled that the section is not a valid waiver of state sovereign immunity, in the case of *In re Sacred Heart Hosp. of Norristown*, 133 F.3d 237, 245 (3d Cir. 1998), as amended (Feb. 19, 1998)

23. The Eleventh Circuit Court of Appeal has addressed the issue three times. First, in the case of *In re Crow*, 394 F.3d 918, 921 (11th Cir. 2004) stated as follows

> For reasons we will explain, today we join five of the six circuits that have considered the issue in holding that § 106(a)'s purported abrogation of Eleventh Amendment immunity in bankruptcy proceedings, which is clear and specific, is nonetheless invalid in light of the Supreme Court's decision in Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). See Nelson v. La Crosse County Dist. Attorney, 301 F.3d 820, 832 (7th Cir.2002); Mitchell v. Franchise Tax Bd., 209 F.3d 1111, 1121 (9th Cir.2000); Sacred Heart Hosp. of Norristown v. Pennsylvania, 133 F.3d 237, 243 (3d Cir.1998); Dep't of Transp. & Dev. v. PNL Asset Mgmt. Co., 123 F.3d 241, 243 (5th Cir.1997), amended by 130 F.3d 1138, 1139 (5th Cir.1997); Schlossberg v. Maryland, 119 F.3d 1140, 1145–47 (4th Cir.1997).1 But see Hood v. Tenn. Student Assistance Corp., 319 F.3d 755, 767–68 (6th Cir.2003), affirmed on other grounds, 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004). **It follows that the federal courts, including the bankruptcy courts, have no authority to entertain a § 362 claim against two agencies of the State of Georgia absent that sovereign's consent,** see Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464, 65 S.Ct. 347, 351, 89 L.Ed. 389 (1945), overruled on other grounds, 535 U.S. 613, 623, 122 S.Ct. 1640, 1646, 152 L.Ed.2d 806 (2002), and it has not consented.

Id at 921 (emphasis supplied).

24. The issue of sovereign immunity and the application of section 106 was examined in the Supreme Court Case of Cent. *Virginia Cmty. Coll. v. Katz*, 546 U.S. 356, 378–79, 126 S. Ct. 990, 1005, 163 L. Ed. 2d 945 (2006). The Court addressed this issue and for purposes of *in rem* type of proceeding in a bankruptcy case and held:

> Neither our decision in *Hood*, which held that States could not assert sovereign immunity as a defense in adversary proceedings brought to adjudicate the dischargeability of student loans, nor the cases upon which it relied, see 541 U.S.,

> at 448–449, 124 S.Ct. 1905 (discussing *New York v. Irving Trust Co.*, 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815 (1933); *Gardner*, 329 U.S. 565, 67 S.Ct. 467; and *Van Huffel v. Harkelrode*, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256 (1931)), rested on any statement Congress had made on the subject of state sovereign immunity. *379 Nor does our decision today. The relevant question is not whether Congress has "abrogated" States' immunity in proceedings to recover preferential transfers. See 11 U.S.C. § 106(a).16 The question, rather, is whether Congress' determination that States should be amenable to such proceedings is within the scope of its power to enact "Laws on the subject of Bankruptcies." We think it beyond peradventure that it is.
>
> Congress may, at its option, either treat States in the same way as other creditors insofar as concerns "Laws on the subject of Bankruptcies" or exempt them from operation of such laws. Its power to do so arises from the Bankruptcy Clause itself; the relevant "abrogation" is the one effected in the plan of the Convention, not by statute.
> The judgment of the Court of Appeals for the Sixth Circuit is affirmed.

Id at 379-380

25.   The Eleventh Circuit Court of Appeal then visited for a second time, the application of section 106 of the Bankruptcy Code in the context of a Chapter 13 case, in the case of: *In re Omine*, 485 F.3d 1305, 1314 (11th Cir. 2007), withdrawn pursuant to settlement, No. 06-11655-II, 2007 WL 6813797 (11th Cir. June 26, 2007), at footnote no. 4, recognized that

> In resolving the issues in this case, we find it necessary to address arguments regarding both the Florida DOR's subordination and waiver of sovereign immunity. First, in *Katz*, one party, the Virginia Military Institute ("VMI"), like the Florida DOR, also filed proof of claim. Respondent Katz made this point in his response to the Petitioner's writ for certiorari when urging the Court to deny certiorari on the basis that "Virginia's sovereign immunity in this bankruptcy case has been waived, and ... [t]hus, this case does not present the question on which Petitioners seek certiorari. Whether Congress can abrogate Virginia's immunity is not at issue because that immunity has been waived here." Respondent's Brief in Opposition at 4, *Katz*, 546 U.S. at 356, 126 S.Ct. 990, 163 L.Ed.2d 945; see also Transcript of Oral Argument at 23 (discussing VMI's waiver). Despite the proof of claim filed on behalf of one of the petitioners in the *Katz* case, the Supreme Court still granted certiorari and answered the question of abrogation under the Bankruptcy Clause. Second, we find it necessary to undertake an analysis of the *Katz* case because of its implications for our case law regarding § 106(a), which the parties put in dispute regarding the limitations set forth in subsection (a)(3).

7

26. So after *Katz* and *In re Omine*, there was a recognition that there is a distinction of waiver of sovereign immunity between subsections (a) and (b) under section 106 of the Bankruptcy Code. Subsection 106(a) is commonly referred to as "forced abrogation" of Sovereign Immunity, Subsection (b) is commonly referred to as "permissive waiver." 3

27. The Eleventh Circuit for a third time, addressed section 106 in the case of *In re Rodriguez*, 367 F. App'x 25, 29 (11th Cir. 2010 ) and recognized this distinction between subsections (a) and (b) of section 106, holding that the filing of a proof of claim implicated the voluntary waiver of Sovereign Immunity under subsection (b) of section 106.

28. The case law after *Katz* reveals there is still a significant argument that (1) a non-voluntary waiver (e.g. absence of filing a proof of claim) is still recognized as not being a constitutional waiver of sovereign immunity under section 106(a) of the Bankruptcy Code. MHS would suggest certainly, at least, as to affirmative monetary relief against a governmental entity sovereign immunity is not waived. (2) The fee and damages limitations contained in subsection 106(a)(3) of the Bankruptcy Code are applicable when imposing monetary sanctions against a governmental entity.

29. Thus, when awarding fees for an alleged violation of the automatic stay, the basic requirement of demonstrating: (1) the offending party violated the stay; (2) the violation of the stay was willful; and (3) the willful violation must have been caused debtor some injury must still

---

3 1. Subsection (b) provides:
(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

8

be proven by the debtor. See *Potter v. Newkirk*, No. CV1708478RBKKMW, 2020 WL 6144756, at *7 (D.N.J. Oct. 20, 2020). To the extent, the court only finds that attorney's fees are the damages suffered by the debtor, then the requirements of 28 USC 2412(d)(2)(A) are applicable and must be complied with. see, *In re: Irain Gonzalez*, No. 1:15-CV-20023-KAM, 2015 WL 5692561, at *3 (S.D. Fla. Sept. 29, 2015), aff'd sub nom. *In re Gonzalez*, 832 F.3d 1251 (11th Cir. 2016).

30. Applying the above law to the facts of this case, this Court must find that it does not have jurisdiction over MHS, since it can only have such jurisdiction, under section 106(a) of the Bankruptcy Code. Such section of the code is still declared unconstitutional in the 11th Circuit Court of Appeal; and therefore, inapplicable to form a basis for jurisdiction over MHS' sovereign immunity rights.

31. This Court must recognize that *In re Crow's* ruling of unconstitutionality still stands. *In re Rodriguez*, which is a post *Katz* decision, the court had the chance to reexamine *In re Crow*, and the 11th Circuit in dicta stated:

> The State is correct that, in In re Crow, 394 F.3d 918, 924 (11th Cir.2004), this court held that, because Congress may not abrogate state sovereignty pursuant to its Article I Bankruptcy Clause powers, and because § 106(a) was not validly enacted pursuant to its powers under § 5 of the Fourteenth Amendment, § 106(a) was unconstitutional. Id
> *In re Rodriguez*, supra at 29.

Also, one commentator on the *Katz* decision has stated: "This time, in Katz, the Court once again decided the appeal without ruling on whether section 106(a) is constitutional, leaving that question still open." See, Richard Lieb, State Sovereign Immunity: Bankruptcy Is Special, 14 Am. Bankr. Inst. L. Rev. 201, 228 (2006)

32. However, if this court should hold that 106(a) is a valid basis for it to issue

9

the Orders against MHS, then this Court must still modify and correct the Orders to make the proper findings as to attorney's fees and remove any awards that are based on contempt damages as required by Section 106(a)(3). The decision of the Southern District of Florida in the case of: In re: In re: Gonzalez, No. 1:15-CV-20023-KAM, 2015 WL 5692561, at *3 (S.D. Fla. Sept. 29, 2015), aff'd sub nom. *In re Gonzalez*, 832 F.3d 1251 (11th Cir. 2016), is instructive to this Court on how to proceed. The district court judge recognized that based on the *In re Omine* decision "the limitation on awards against governmental units contained in § 106(a)(3) and 28 U.S.C. § 2412(d)(2)(A) **still applied**." Id at fn. 3. (emphasis supplied)

### Requested Relief

WHEREFORE, based on the foregoing, MHS hereby requests the following relief:

A. This Court recognize that sovereign immunity applies to Creditor, MHS and that the provisions of section 106(a) of the Bankruptcy code is still deemed unconstitutional. Therefore, that the Orders be rescinded based on a lack of jurisdiction. See Bankruptcy Rule 9024, and Rule 60(b), Federal Rules of Civil Procedure.

B. In the alternative, if this Court determines that it has jurisdiction of Creditor, MHS, pursuant to section 106(a) of the Bankruptcy Code that it recognize the need to comply with the anti-contempt and attorney fee limiting provisions of sections 11 USC §106(a)(3) and 28 USC 2412(d)(2)(A). Therefore, this Court is modify its existing Orders after Debtor's attorney provides the requisite

10

proof and Creditor has a chance to respond.[4]   See, Bankruptcy Rule 9024, and Rule 60(a), Federal Rules of Civil Procedure.

Dated this 24th day of May, 2022.

                     _/s/ Frank P. Rainer_
Frank P. Rainer, Esq. Fla.Bar # 436518
Memorial Healthcare System
3111 Stirling Road
Hollywood, FL 33322
(954)265-5341
ATTORNEY FOR CREDITOR

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the foregoing Notice of Appearance by emailing a copy of same to the following addresses:

Jose A. Blanco, 102 E. 49th Street, Hialeah, FL 33013, jose@blacopa.com, and Judicial Assistant Marcy Gatel, marcy_gatell@flsb.uscourts.gov, and Nancy K. Neidich, P.O. Box 279806, Miramar, FL 33027 www.ch13miami.com, Bankruptcy Trustee.

Dated this 24th day of May, 2022.

                     _/s/ Frank P. Rainer_
Frank P. Rainer, Esq. Fla.Bar # 436518
Memorial Healthcare System
3111 Stirling Road
Hollywood, FL 33322
(954)265-5341
ATTORNEY FOR CREDITOR

---

4 While MHS is proposing this alternative, it is not abandoning its primary argument that this Court does not have jurisdiction over it.

11

## CERTIFICATE OF ADMISSION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

Dated this 24th day of May, 2022.

*/s/ Frank P. Rainer*
Frank P. Rainer, Esq. Fla.Bar # 436518
Memorial Healthcare System
3111 Stirling Road
Hollywood, FL 33322
(954)265-5341
ATTORNEY FOR CREDITOR

## CERTIFICATE OF COUNSEL CONFERENCE

The undersigned counsel has attempted a counsel conference with Debtor's attorney on May 19, 2022..  A draft of this motion was circulated to such counsel and a read receipt was obtained as to the email delivery.   To date, undersigned counsel has no report on what is Debtor's counsel position.

*/s/ Frank P. Rainer*
Frank P. Rainer, Esq. Fla.Bar # 436518

Florida Department of State | **EXHIBIT A** | DIVISION OF CORPORATIONS



Previous on List    Next on List    Return to List    | Fictitious Name Search |
Filing History    | Submit |

# Fictitious Name Detail

### Fictitious Name
MEMORIAL HEALTHCARE SYSTEM

### Filing Information
**Registration Number** G95062900016
**Status** ACTIVE
**Filed Date** 03/03/1995
**Expiration Date** 12/31/2025
**Current Owners** 1
**County** BROWARD
**Total Pages** 9
**Events Filed** 5
**FEI/EIN Number** NONE

### Mailing Address
C/O LEGAL DEPARTMENT
3111 STIRLING ROAD
HOLLYWOOD, FL 33312 US

### Owner Information
SOUTH BROWARD HOSPITAL DISTRICT
3501 JOHNSON STREET
HOLLYWOOD, FL 33021 US
**FEI/EIN Number:** 59-6014973
**Document Number:** NA

### Document Images
**G95062900016 -- No image available**

| | |
|---|---|
| 10/06/2020 -- Fictitious Name Renewal Filing | View image in PDF format |
| 09/01/2015 -- Fictitious Name Renewal Filing | View image in PDF format |
| 10/27/2010 -- RENEWAL | View image in PDF format |
| 09/19/2005 -- RENEWAL | View image in PDF format |
| 11/15/2000 -- RENEWAL | View image in PDF format |

Previous on List    Next on List    Return to List    | Fictitious Name Search |
Filing History    | Submit |

Florida Department of State, Division of Corporations

